# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-130(4) |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| WILLIAM F. GRAHAM, III, | : | |
| Defendant. | : | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (Doc. 1225)

This matter is before the Court on Defendant's Motion for Compassionate Release (Doc. 1225). The Government filed a response in opposition (Doc. 1229), and this matter is ripe for the Court's review. For the reasons below, Defendant's Motion for Compassionate Release (Doc. 1225) is **DENIED**.

## BACKGROUND

On April 29, 2024, Defendant William F. Graham was sentenced to 60 months in prison for conspiring to possess with intent to distribute and to distribute at least 500 grams of cocaine. (Judgment, Doc. 1217, Pg. ID 8377-78.) Defendant admitted to distributing at least five kilograms of cocaine as part of his role in a large-scale drug trafficking organization. (*See* Plea Agreement, Doc. 805-1, Pg. ID 3596.) In furtherance of the conspiracy, Defendant used two of his properties as stash houses to store about 41 kilograms of cocaine. (*See* Presentence Investigation Report, Doc. 976, Pg. ID 5992, 6008.)

Defendant suffered from several serious medical conditions during the pendency of his criminal proceedings. (*See* Motion, Doc. 1225, Pg. ID 8409-10.) These include pulmonary sarcoidosis, which resulted in acute chronic respiratory failure. (*Id.*) Defendant then underwent a bilateral lung transplant. (*Id.*) During his recovery, Defendant experienced kidney failure and underwent a kidney transplant. (*Id.*) These conditions delayed Defendant's sentencing by about two years. Since Defendant's sentencing, he has developed a viral infection known as "BK" that can lead to kidney dysfunction and failure post-transplant. (*See* VA Medical Letter, Doc. 1225-1, Pg. ID 8421-22.) Defendant receives post-transplant medications and treatments that are routinely adjusted based on lab results, and he may need further treatment if the BK virus does not subside (*Id.*)

In light of his deteriorating health, Defendant moved for compassionate release on July 2, 2024, seeking to reduce his sentence to time served or to modify his sentence to probation. (Motion, Doc. 1225, Pg. ID 8409.) He has not yet surrendered to the Bureau of Prisons ("BOP"). The Court extended Defendant's surrender date to September 18, 2024, to consider his Motion for Compassionate Release. (08/22/2024 Notation Order.)

## LAW & ANALYSIS

A federal court, with some exceptions, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One such exception is a motion for compassionate release under 18 U.S.C. § 3582(c)(1). Prior to filing a compassionate release motion, a defendant must exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait until "the lapse of

2

30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

As an initial matter, Defendant has not yet surrendered to the BOP. The first question therefore becomes whether he was required to seek relief from the BOP despite not being in its custody. *See United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020) (holding that defendant prematurely filed a compassionate release motion before he began serving his prison term at a BOP facility); *but see United States v. Hussain,* No. 16-CR-462, 2020 WL 5910065, at *3 (N.D. Cal., Oct. 6, 2020) (holding that a defendant need not be in BOP custody to exhaust his administrative rights). Defendant argues that the exhaustion requirement is inapplicable because he is not yet in BOP custody and that the delay in pursuing administrative remedies would be "catastrophic" to his health. (Motion, Doc. 1225, Pg. ID 8410-13.) But, even assuming Defendant has cleared this threshold hurdle, he has not shown eligibility for relief.

Turning to the merits of Defendant's motion, courts have substantial discretion in determining whether to grant compassionate release. *See United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). An order granting compassionate release is conditioned on three statutory prerequisites. *Id.* at 1004-05; 18 U.S.C. § 3582(c)(1)(A). First, the Court must find that "extraordinary and compelling reasons" warrant the sentence reduction. *Ruffin*, 978 F.3d at 1004-05. Second, the Court must ensure that the reduction adheres to applicable policy statements issued by the Sentencing Commission. *Id.* Third, the Court must consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* The Court may deny the motion if any prerequisite is lacking. *United States v. Elias*, 984 F.3d 516, 519

(6th Cir. 2021).

Assuming that Defendant's medical conditions—most of which existed at the time of sentencing—constitute "extraordinary and compelling reasons" for release, the Court nevertheless determines that the § 3553(a) factors do not support relief. Defendant argues that he already spent 20 months in jail during the pendency of his criminal proceedings, this was his first conviction at age 55, and his conduct was nonviolent. (Motion, Doc. 1225, Pg. ID 8416-17.) The Court is aware of Defendant's history and characteristics, and it reiterates that the recently-imposed sentence of 60 months imprisonment is appropriate in light of (1) the nature and circumstances of the offense, (2) the need for the sentence to reflect the seriousness of the offense, to deter criminal conduct, and to provide just punishment, (3) the need to protect the public from future crimes, and (4) the sentencing range established for this offense. *See* 18 U.S.C. §§ 3553(a)(1), (2)(A)-(C), (4).

Defendant committed a serious crime by conspiring to distribute a substantial amount of cocaine as part of a large-scale drug trafficking organization. *See United States v. Navarro*, 986 F.3d 668, 671-72 (6th Cir. 2021) (upholding the denial of compassionate release because the defendant's role in trafficking kilogram-amounts of cocaine was "very serious"). Defendant admitted to distributing at least 5 kilograms of cocaine (*see* Plea Agreement, Doc. 805-1, Pg. ID 3596), and law enforcement recovered about 41 kilograms of cocaine from his houses. (*See* Presentence Investigation Report, Doc. 976, Pg. ID 5992.) Still, the Court considered Defendant's limited criminal history and serious health concerns in varying downward from the guideline range of 87 to 108 months.

4

Moreover, even counting credit for time served, Defendant has only served around one-third of his sentence, which the Court finds insufficient to reflect the seriousness of his crime or provide adequate punishment. *See Ruffin*, 978 F.3d at 1008 (noting that a district court may consider how long a defendant served when addressing the "need for just punishment" and "to reflect the seriousness of the offense" in the compassionate release context). Although Defendant was not a violent offender, he nevertheless endangered his community through his significant role in drug trafficking. *See United States v. Moore*, No. 23-5760, 2024 WL 3069363, at *3 (6th Cir. June 20, 2024); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("To be sure, drug trafficking is a serious offense that, in itself, poses a danger to the community.").

The Court notes that Defendant's health has further deteriorated since his sentencing. That is a serious concern that merits the Court's consideration. Nevertheless, the Court concludes that the applicable § 3553(a) factors weigh against relief.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendant's Motion for Compassionate Release (Doc. 1225).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature: Matthew W. McFarland]*
JUDGE MATTHEW W. McFARLAND